| | |
|---|---|
| ADAMS COUNTY DISTRICT COURT, STATE OF COLORADO<br>Court Address:  1100 Judicial Center Drive<br>Brighton, Colorado 80601<br>Phone Number:  303-659-1161 | DATE FILED: August 31, 2014 5:45 PM<br>FILING ID: 3A7A2EAD170E1<br>CASE NUMBER: 2014CV31642 |
| Plaintiffs:<br><br>ELLEN DROTAR as the surviving parent of REBECCA SNYDER, deceased<br><br>v.<br><br>Defendant:<br><br>JOHNNY WALBRICK, SECURA SUPREME INSURANCE COMPANY, and PROGRESSIVE PREERRED INSURANCE COMPANY | ▲ Court Use Only ▲ |
| Attorney or Party Without Attorney<br>David W. Krivit, No. 25916<br>BACHUS & SCHANKER, L.L.C.<br>1899 Wynkoop Street, Suite 700<br>Denver, Colorado 80202<br>Attorneys for Plaintiff<br>Phone Number:  (303) 893-9800<br>Fax Number:    (303) 893-9900<br>E-mail address:  david.krivit@coloradolaw.net | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** ||

COMES NOW the Plaintiff, Ellen Drotar, individually and as the surviving parent of Rebecca Snyder ("Rebecca"), by and through her attorneys, Bachus & Schanker, L.L.C., and for her Complaint against the Defendants states as follows:

## GENERAL ALLEGATIONS

1. The deceased, Rebecca Snyder, at all times relevant hereto was a resident of Thornton, Colorado, State of Colorado, with an address of 4608 East 115th Circle, Thornton, Colorado 80241 and 640 19th Street, S.W. Loveland, CO 80537.

2. At the time of her death, Rebecca was an unmarried adult with no living descendants.



3. Rebecca died without leaving a surviving spouse.

4. Rebecca died without leaving any surviving children or descendants.

5. Rebecca died leaving her surviving natural parents, Ellen Drotar, her mother, and David Snyder, her father.

6. Ellen Drotar and David Snyder are and all times relevant hereto were the parents of the deceased Rebecca and were residents of Colorado.

7. In accordance with the provisions of the Colorado Wrongful Death Law and specifically C.R.S. section 13-21-201, et seq., the parents, Ellen Drotar and David Snyder have the right of action to claim and recover the damages caused by their daughter's death.

8. Secura Supreme Insurance Company ("Secura") at all times relevant hereto was a foreign corporation operating as an insurance company and was licensed to do business in the State of Colorado.

9. Progressive Preferred Insurance Company ("Progressive") at all times relevant hereto was a foreign corporation operating as an insurance company and was licensed to do business in the State of Colorado.

10. Prior to August 13, 2013, Secura entered into a contract of automobile insurance with Ellen Drotar, Rebecca's mother, in Thornton, Colorado, which covered Rebecca.

11. Prior to August 13, 2013, Progressive entered into a contract of automobile insurance with Ellen Drotar, Rebecca's mother, in Thornton, Colorado, which covered Rebecca.

12. Rebecca's death damages caused by the underinsured's negligence exceed both insurance coverages available for the underinsured driver, and the Plaintiff has made a proper claim for benefits under her deceased daughter's underinsured motorist coverage with both Progressive and Secura, pursuant to the resident relative provision, which has been denied by Secura and by Progressive.

13. At all times relevant hereto, Johnny Walbrick ("Walbrick") was a resident of the State of Texas with a residential address of 4410 San Paulo, Pasadena, Texas 77504.

14. That venue in Adams County for this matter is proper under the provisions of C.R.C.P. 98(c).

15. On or about August 13, 2013, at approximately 4:25 p.m., a motor vehicle/pedestrian collision occurred at East 120th Avenue and Bellaire Street in Thornton, Colorado.

16. The collision occurred while Walbrick was driving Westbound on 120th.

17. The collision occurred while Rebecca was walking, jogging or running Northbound on Bellaire across the pedestrian crosswalk on 120th.

18. Walbrick was not paying attention to conditions and struck Rebecca on the left-front of his rented 2012 Dodge Caravan.

19. Because Walbrick was not paying attention when he was driving he caused the collision herein described and the death of Rebecca.

20. Walbrick was negligent and negligent per se in the operation of his vehicle and caused said collision and the death of Rebecca.

21. Rebecca was covered under the underinsured motorist provisions of the Secura and Progressive policies purchased by Ellen Drotar prior to the collision.

22. Under the provisions of Ellen Drotar's policies with Secura and Progressive, Walbrick was driving an underinsured motor vehicle at the time of said collision.

23. At all times relevant, Walbrick was an underinsured motorist and the driver of an underinsured motor vehicle that caused the collision and death of Rebecca.

24. As a direct and proximate result of the negligence and negligence per se of Walbrick, the Plaintiffs have suffered and incurred the following damages, which include but are not limited to:

   a. Past, present and future grief, sorrow, lost love and affection, and lost companionship;

   b. Past, present, and future impairment of the Plaintiffs' special quality of life together with Rebecca;

   c. Past, present, and future loss of the care, comfort, loving counsel, support, and affection of Rebbeca;

   d. Past, present, and future distress, anguish, stress, emotional pain and suffering, and anxiety; and

   e. All damages in an amount to be proven at trial and recoverable pursuant to the provisions of C.R.S. section 13-21-201 et seq.

25. Secura and Progressive, under their underinsurance coverages for Rebecca, are liable for the negligence of Walbrick for damages caused in excess of his liability coverage.

## FIRST CLAIM FOR RELIEF
(Underinsured Motorist Benefits – Secura)

26. Plaintiffs incorporates all foregoing allegations.

27. At all times relevant, Rebecca and Ellen Drotar were insureds under the Secura policy.

28. Plaintiffs have performed all conditions precedent to coverage.

29. The Secura policy included Underinsured Motorist benefits, covering the death of Rebecca.

30. Due to the negligence of Walbrick, he is legally responsible for damages suffered and incurred by Plaintiff.

31. Because the value of the damages suffered and incurred by Plaintiff exceeds the amount of available liability coverage maintained by Walbrick, Walbrick is a negliget underinsured driver and Secura is liable for underinsured motorist benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF
(Underinsured Motorist Benefits – Progressive)

32. Plaintiffs incorporates all foregoing allegations.

33. At all times relevant, Rebecca and Ellen Drotar were insureds under the Progressive policy.

34. Plaintiffs have performed all conditions precedent to coverage.

35. The Progressive policy included Underinsured Motorist benefits, covering the death of Rebecca.

36. Due to the negligence of Walbrick, he is legally responsible for damages suffered and incurred by Plaintiff.

37. Because the value of the damages suffered and incurred by Plaintiff exceeds the amount of available liability coverage maintained by Walbrick, Walbrick is a negliget underinsured driver and Progressive is liable for underinsured motorist benefits to Plaintiff.

## THIRD CLAIM FOR RELIEF
(Negligence of Defendant Walbrick Resulting in the Wrongful Death of Rebecca)

38. Plaintiffs incorporate all foregoing allegations.

39. Defendant Walbrick owed Rebecca Snyder a duty to operate his motor vehicle in a reasonable, prudent and safe manner at the time of the collision.

40. Defendant Walbrick breached that duty by failing to keep a proper lookout, operating the motor vehicle at an excessive speed for the area and conditions, following too closely and failing to yield to pedestrians.

41. Defendant Walbrick breached his duty of care to Rebecca Snyder when he caused the Dodge Caravan to collide with Rebecca.

42. As a direct and proximate result of Defendant Walbrick's negligence, Rebecca Snyder suffered life-ending injuries.

43. As a direct and proximate result of Defendant Walbrick's negligence, Rebecca Snyder succumbed to her injuries soon after the collision.

44. As a direct and proximate result of the negligence of the Defendant, the heirs and next of kin of Rebecca Snyder have and will suffer a loss of services, loss of society, loss of comfort, loss of companionship, impairment of quality of life, emotional suffering, emotional stress, and other non-economic damages.

45. Plaintiffs seek judgment against Defendant Walbrick for all special and general damages as a result of the death of Rebecca Snyder, funeral and burial expenses, loss of service, loss of society, loss of comfort, and loss of companionship, impairment of quality of life, emotional suffering, emotional stress, and other non-economic damages to herself and the heirs and next of kin of Rebecca Snyder, as well as costs, any further relief permitted by law, and any such other relief as the Court may deem appropriate.

### THIRD CLAIM FOR RELIEF
(Negligence *per se* of Defendant Walbrick Resulting in the Wrongful Death of Rebecca)

46. Plaintiffs incorporate all foregoing allegations.

47. When Defendant Walbrick was operating the Dodge Caravan at the time of the collision he was doing so in a careless and negligent manner in violation of applicable ordinances and statutes of Colorado including but not limited to C.R.S. section 42-4-1402, Careless Driving.

48. Rebecca Snyder was a member of the class for whose protection the above-mentioned statute was enacted.

49. The incident hereinabove described and the injuries and/or damages that Rebecca suffered as a result of that incident are the kind of injuries and/or damages sought to be prevented by the passage of the above-mentioned statute.

50. The above mentioned violation was the direct and proximate cause of Rebecca's death and damages as previously described.

51. Section 807 of the Colorado Model Traffic Code provides, "[n]otwithstanding any of the provisions of this Code, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warnings by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any obviously confused or incapacitated person upon a roadway. Any person who violates any provision of this Section commits a Class A Traffic Infraction."

52. As a direct and proximate result of the negligence of the Defendant, the heirs and next of kin of Rebecca Snyder have and will suffer a loss of services, loss of society, loss of comfort, loss of companionship, impairment of quality of life, emotional suffering, emotional stress, and other non-economic damages.

53. Plaintiff seeks judgment against Defendant Walbrick for all special and general damages as a result of the death of Rebecca Snyder, funeral and burial expenses, loss of service, loss of society, loss of comfort, and loss of companionship, impairment of quality of life, emotional suffering, emotional stress, and other non-economic damages to herself and the heirs and next of kin of Rebecca Snyder, as well as costs, any further relief permitted by law, and any such other relief as the Court may deem appropriate.

## JURY DEMAND

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiffs pray for Judgment against Defendants in an amount to be determined at trial for special and general damages, the costs of this suit, pre-judgment and post-judgment interest from the date of accrual, costs and expert witness fees, and for such other and further relief as the Court may deem proper.

DATED: August 31, 2014

/s/ David Krivit
David Krivit
Counsel for Plaintiff